**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**AMBER MARIE DIALE,**

    *Plaintiff*,

**v.**                                    **Case No. SA-24-CV-0015-JKP**

**STATE OF VIRGINIA, et al.,**

    *Defendants*.

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge ("R&R") filed March 22, 2024, (ECF No. 11). The Magistrate Judge recommends that the Court dismiss this action for failure to comply with a court order and for failure to raise a non-frivolous claim upon which relief can be granted. By Order (ECF No. 4), the Magistrate Judge brought this matter to Plaintiff's attention and ordered her to show cause why the Court should not dismiss her case under 28 U.S.C. § 1915(e). The Magistrate Judge stated that she could make the required showing by filing an amended complaint that plainly states a non-frivolous, factually supported claim for relief. The Magistrate Judge also warned Plaintiff that failure to comply with the Order could result in dismissal of the action under § 1915(e) or Fed. R. Civ. P. 41(b). Although Plaintiff made filings after the show cause order, she made no attempt to satisfy the show cause requirements. The Magistrate Judge thus extended the time to comply.

As explained in the R&R, Plaintiff has not filed anything following that extension. Plaintiff has filed no objection to the R&R, and the time for doing so has expired. As noted by the Magistrate Judge, Plaintiff has also apparently failed to apprise the Court of a change of address, because mail has been returned as undeliverable.

Any party who seeks review of all or a portion of an R&R must serve and file specific written objections within fourteen days after being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). If a party does not timely object, the District Court may review the unobjected-to proposed findings and recommendations to determine whether they are clearly erroneous or contrary to law. *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)).[1]

Consistent with § 636(b)(1)(C) and Rule 72(b)(2), the Court has reviewed the subject R&R for clear error on the face of the record. The Court finds no such error. Plaintiff's failure to keep the Court apprised of her current address does not excuse her failure to respond. Nor does it affect the viability of her filed complaint. Accordingly, the Court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 11). As recommended, the Court **DISMISSES** this action for failure of Plaintiff to file a non-frivolous claim upon which relief can be granted. The Court will issue an appropriate final judgment by separate filing.

**IT IS SO ORDERED this 15th day of April 2024.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**

---

[1] While Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Wilson*, 864 F.2d at 1221.